UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: GIANT EAGLE, INC., FAIR LABOR
STANDARDS ACT (FLSA)  LITIGATION                                    MDL No. 2852


## ORDER DENYING TRANSFER


**Before the Panel**:[*]  Defendant Giant Eagle, Inc., moves under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Pennsylvania.  This litigation consists of two actions pending in two districts, as listed on Schedule A.  Plaintiffs in both actions oppose centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation.  The actions share factual questions arising out of allegations that defendant misclassifies "team leaders" and similar employees as exempt and thus has failed to pay them overtime compensation in violation of the Fair Labor Standards Act.  But the proponent of centralization faces a heavy burden to demonstrate that centralization of just two actions is appropriate.  *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization").  Moving defendant has failed to do so in these circumstances.

The two actions before us are not complex, and there are few involved counsel.  Plaintiffs in both actions are represented by the same counsel.  Giant Eagle, the sole defendant in this litigation, also is represented by the same counsel in both actions.  Moreover, plaintiffs' counsel represent they are willing to informally coordinate any overlapping discovery and other pretrial proceedings.  In these circumstances, informal coordination is clearly a practicable alternative to centralization.[1]

Additionally, a motion to transfer *Fitch* to the Western District of Pennsylvania under Section 1404(a) is pending. Thus, there is a reasonable prospect that resolution of the Section 1404 motion

---

[*]  Judge Lewis A. Kaplan took no part in the decision of this matter.

[1]  *See In re: Dollar Tree Stores, Inc. Fair Labor Standards Act (FLSA) and Wage and Hour Litig.*, 829 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011) (denying centralization of four actions alleging FLSA and wage and hour law violations, explaining that they were "not particularly complex" and "cooperation to avoid duplicative proceedings is appropriate where most plaintiffs share counsel").

-2-

could eliminate the multidistrict character of the actions before us.[2]  Section 1407 "should be the last solution that parties seek after considered review of all other options," such as informal coordination or transfer under Section 1404.[3]  Both of those options are available to the parties here.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles A. Breyer
Ellen Segal Huvelle         R. David Proctor
Catherine D. Perry

---

[2] *See In re: Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) ("where a reasonable prospect exists that resolution of Section 1404 motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization").

[3] *See id.* at 1379.

**IN RE: GIANT EAGLE, INC., FAIR LABOR STANDARDS ACT (FLSA) LITIGATION**          MDL No. 2852

## SCHEDULE A

<u>Southern District of Indiana</u>

FITCH v. GIANT EAGLE, INC., C.A. No. 1:18-01236

<u>Western District of Pennsylvania</u>

JONES v. GIANT EAGLE, INC., C.A. No. 2:18-00282